IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SCOTT L. BRYAN,                )
                               )
          Plaintiff,           )
                               )
     v.                        ) Civil Action No. 06-1441
                               )
MICHAEL J. ASTRUE,             )
COMMISSIONER OF                )
SOCIAL SECURITY,               )
                               )
          Defendant.           )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 25th day of March, 2008, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 9) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 7) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his pending application for disability insurance benefits on October 1, 2004, alleging a disability onset date of September 1, 2001, due to a degenerative joint disorder and arthritis in his left hand and herniated spinal discs and arthritis in the lower spine. Plaintiff's application was denied initially. At plaintiff's request, an ALJ held a hearing on February 14, 2006, at which plaintiff, represented by counsel, appeared and testified. On March 22, 2006, the ALJ issued a decision finding that plaintiff is not disabled. On September 22, 2006, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 45 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §404.1563(c). Plaintiff has a high school education and has past relevant work experience as a press operator, stock clerk, automobile mechanic, fast food worker and service station worker, but he has not engaged in any substantial gainful activity since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ

AO 72
(Rev. 8/82)

concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from a variety of severe impairments, both physical and mental[1], those impairments, alone or in combination, do not meet or equal the criteria of any impairment listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to engage in a range of sedentary work with certain restrictions recognizing the limiting effects of his impairments.[2] A vocational expert then identified numerous categories of jobs which plaintiff could perform based upon his age, education, work experience and residual functional capacity, including ticket checker and surveillance system monitor. Relying on the vocational expert's testimony, the ALJ found that plaintiff is capable of making an adjustment to work which exists in

---

[1] The ALJ found that plaintiff suffers from the severe physical impairments of degenerative arthritis with kyphosis, degenerative disc disease, obesity, status post left hand surgery and degenerative joint disease with arthritis. The ALJ also found that plaintiff's major depressive disorder, adjustment disorder, personality disorder, social phobia and schizoid personality disorder are severe impairments within the meaning of the Act. (R. 25).

[2] The ALJ found that plaintiff can perform sedentary work with numerous modifications, including occasional postural maneuvers; no crawling or climbing ladders, ropes or scaffolds; only occasional fine fingering, gross handling, reaching and pushing and pulling with the upper left extremity to include the operation of hand levers; simple, routine, repetitive tasks not performed in a fast paced production environment and involving only simple work related decisions, relatively few work place changes and occasional interaction with supervisors, coworkers and the general public. (R. 25).

AO 72
(Rev. 8/82)

significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled under the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability[3]. 20 C.F.R. §404.1520; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

---

[3] The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §404.1520. See also Newell, 347 F.3d at 545-46. Additionally, when there is evidence of a disabling mental impairment, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. 20 C.F.R. §404.1520a; Plummer, 186 F.3d at 432.

AO 72
(Rev. 8/82)

Here, plaintiff raises numerous challenges to the ALJ's finding of not disabled at step 5 of the sequential evaluation process[4]. Specifically, plaintiff contends that: (1) the ALJ improperly evaluated the medical evidence; (2) the ALJ improperly analyzed plaintiff's testimony regarding her pain and limitations; and, (3) the ALJ improperly relied on the vocational expert's answer to a defective hypothetical that did not account for all of plaintiff's impairments and limitations. Upon review, the court finds that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

Plaintiff first challenges the ALJ's evaluation of the medical evidence. Specifically, plaintiff argues that the ALJ failed to accord controlling weight to an opinion from his treating physician that he was disabled, that the ALJ disregarded evidence from his treating sources in favor of evidence from non-treating agency physicians, that the ALJ ignored plaintiff's GAF scores and that the ALJ improperly evaluated the medical evidence in assessing plaintiff's residual functional capacity.

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R.

---

[4] At step 5, the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with her medical impairments, age, education, past work experience and residual functional capacity. 20 C.F.R. §404.1520(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §404.1545(a); Fargnoli, 247 F.3d at 40.

§404.1527(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. When a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization and any other factors tending to support or contradict the opinion. 20 C.F.R. §404.1527(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence, thoroughly discussed all of the relevant evidence in his decision and adequately explained his reasons for giving the evidence the weight to which he believed it was entitled. (R. 19-22). Upon review of the ALJ's decision and the record, the court is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

With regard to plaintiff's specific challenges to the evaluation of the medical evidence, the court finds no error in the ALJ's decision not to give controlling weight to opinions from Dr. Surmacz, Ph.D, and Dr. Weisel, suggesting that plaintiff is totally disabled. Initially, under the regulations the opinion of a physician, treating or otherwise, on the ultimate determination of disability never is entitled to special significance. 20 C.F.R. §404.1527(e); SSR 96-5p.

Moreover, the ALJ expressly considered these opinions in his decision and set forth his rationale as to why they were not entitled to controlling weight, noting that Dr. Surmacz's assessment of plaintiff's social functioning ability was inconsistent with his own findings, the other clinical findings of record and other substantial evidence, such as plaintiff's inconsistent mental health treatment during the period in question. (R. 21). Similarly, as to Dr. Weisel's opinion that plaintiff is not employable, the ALJ found that the objective evidence does not support that conclusion. (R. 22).

As to plaintiff's contention that the ALJ ignored plaintiff's GAF scores, the record belies that contention. The ALJ expressly addressed those scores in his decision and concluded that those scores were conclusory and without support in the clinical findings and test results. (R. 21). Moreover, the use of the GAF scale, which considers psychological, social and occupational functioning on a hypothetical continuum of mental health,[5] is not endorsed by the Social Security Administration because the scores do not have a direct correlation to the disability requirements and standards of the Act. See 65 Fed.Reg. 50746, 50764-65 (2000). Instead, the ALJ is to consider the clinical findings contained in the narrative reports of medical sources, and is to weigh that evidence under the standards for evaluation of all medical opinion evidence. 20 C.F.R. §404.1527(d). The ALJ did so here.

---

[5]. See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (DSM-IV) (4th ed. 1994).

AO 72
(Rev. 8/82)

Finally, for the reasons set forth above, the court is satisfied that the ALJ properly evaluated the medical evidence in assessing plaintiff's residual functional capacity. The ALJ's residual functional capacity finding incorporated only those limitations and restrictions supported by the objective medical evidence of record and, conversely, left out those limitations not supported by such evidence. The court is satisfied that the ALJ's evaluation of the medical evidence in all respects is supported by substantial evidence.

Next, the court finds that the ALJ properly evaluated plaintiff's subjective complaints of pain and limitations in accordance with the regulations.[6] After reviewing the record as a whole, the ALJ found plaintiff's subjective complaints regarding his impairments and limitations to be "exaggerated and inconsistent with the totality of the evidence, including with the clinical and objective findings of record." (R. 18). The ALJ thoroughly explained his credibility finding in his decision and that finding is supported by substantial evidence. (R. 17-19).

Moreover, while it is true, as plaintiff asserts, that sporadic and transitory activities cannot be used to show an

---

[6] Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §416.929(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). In addition, Social Security Ruling 96-7p provides guidance in evaluating symptoms and assessing the credibility of a claimant's statements regarding his or her symptoms.

AO 72
(Rev. 8/82)

ability to engage in substantial gainful activity, see Fargnoli, 247 F.3d at 40, n.5, the ALJ did not do so here. To the contrary, in assessing plaintiff's residual functional capacity, the ALJ properly considered plaintiff's allegations in light of his activities of daily living as well as the medical evidence, his treatment history and all of the other appropriate factors set forth in SSR 96-7p. The court is satisfied that the ALJ's credibility determination is supported by substantial evidence in the record.

Finally, plaintiff argues that the ALJ erroneously relied upon the vocational expert's response to a hypothetical which did not take into account all of plaintiff's limitations. However, the additional limitations plaintiff advances, as already discussed, are not supported by the objective medical evidence. As a hypothetical to the vocational expert must reflect only the impairments and limitations supported by the record, Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984), the ALJ did not err in rejecting a response to a hypothetical incorporating limitations not supported by the medical evidence. See Jones v. Barnhart, 364 F.3d 501, 506 (3d Cir. 2004) (ALJ has authority to disregard vocational expert's response to hypothetical inconsistent with evidence). Instead, the ALJ properly relied upon the vocational expert's response to a hypothetical accounting for all impairments and limitations supported by the record, and the vocational expert's testimony in response constitutes substantial evidence supporting the ALJ's step 5 finding.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: William J. Remaley, Esq.
    Berger & Green
    5850 Ellsworth Ave., Suite 200
    Pittsburgh, PA 15232

    Jessica Smolar
    Assistant U.S. Attorney
    U.S. Post Office & Courthouse
    700 Grant Street, Suite 4000
    Pittsburgh, PA 15219